◼ In the Matter of the CITY OF PEEKSKILL, Appellant, v HENRY G. WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, Respondent.

The respondent Commissioner assessed a penalty of $110,000 against the petitioner for various violations of ECL article

17 and its companion regulations relating to the discharge of raw sewage into the Hudson River from two locations in the City of Peekskill sewage system, to wit, the Louisa Street Pumping Station and the Hudson Avenue Line. On this penalty, $5,000 was to be paid for noncompliance activity associated with the Louisa Street Pumping Station, and $5,000 for noncompliance activity associated with the Hudson Avenue Line. The Commissioner ordered that the remaining $100,000 of the penalty be suspended provided that the petitioner comply with a schedule for construction to redesign the sewerage system affecting the Hudson Avenue Line.

The petitioner argues that the administrative enforcement proceeding brought against it by the Commissioner was jurisdictionally defective because the notice of hearing was issued by an assistant regional attorney of the Department of Environmental Conservation, rather than by the respondent Commissioner himself. The petitioner relies on ECL 17-0905 (2), which provides that the Commissioner shall give written notice to the alleged violator. Pursuant to ECL 3-0107 (2), however, the Commissioner has the authority to appoint such employees as may be needed for the performance of his duties and to prescribe their powers. We find no basis for concluding that the delegation of the authority to issue notices of hearing to regional attorneys is improper. Moreover, the regulations which govern such administrative enforcement proceedings broadly define *"Commissioner"* to include his "duly authorized representative" (6 NYCRR 622.2 [a]).

The petitioner also claims that the denial of its application for leave to serve written interrogatories designed to elicit information relevant to its defense of selective enforcement constituted a denial of due process. Permission to serve written interrogatories is left to the discretion of the Hearing Officer *(see,* 6 NYCRR 622.8 [e]). Since the petitioner failed to come forward with anything more than conclusory allegations to support its claim of selective enforcement, we cannot say that the denial of the request to serve written interrogatories was an abuse of discretion.

We have examined the petitioner's other contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.